UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OLLIE PHILIP,

                              Plaintiff,

v.                                                          Civil Action No. _____

GLASS MOUNTAIN CAPITAL, LLC.,

                              Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Ollie Philip is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Glass Mountain Capital, LLC, (hereinafter "GMC") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That upon information and belief, Plaintiff does not owe any debt.

10. That upon information and belief, a person named "Kim" owes a debt. This debt will be referred to as the "subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That "Kim" does not live with Plaintiff nor do they share a telephone number.

13. That upon information and belief, Defendant was employed to collect on the subject debt.

14. That in or about early 2019 Defendant began calling Plaintiff's cellular telephone number multiple times per week in an attempt to collect on the subject debt.

15. In or about July 2019, Plaintiff spoke with Defendant and told them again that she was not "Kim." Defendant then called her a bitch and hung up on Plaintiff.

16. That during many of these aforementioned calls, Plaintiff informed Defendant that Plaintiff was not "Kim", and asked the Defendant to stop calling.

17. That despite Plaintiff informing Defendant that she was not "Kim" and did not know "Kim" and requesting that Defendant stop calling, Plaintiff has continued to receive telephone calls from Defendant through April 2020.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(3), 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by continuously calling Plaintiff after being told that Plaintiff's

number was not good contact number for "Kim" of which the natural consequence of said conduct is to annoy, abuse and harass the Plaintiff.

B. Defendant violated 15 U.S.C. §1692d(2) by calling the Plaintiff a bitch.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 16, 2020

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
         khiller@kennethhiller.com

3